IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, | No. C 12-04554 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| M. E. SPEARMAN, et al., | |
| Defendant. | |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983, against Correctional Training Facility medical officials. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must,

Order of Dismissal with Leave to Amend
04554Lopez_dwlta2.wpd

1  however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
2  699 (9th Cir. 1988).

3  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements: (1) that a right secured by the Constitution or laws of the United States was
5  violated, and (2) that the alleged violation was committed by a person acting under the
6  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In the original complaint, Plaintiff identified several Defendants and then states they were deliberately indifferent to his medical needs. Plaintiff provided very little other information instead attaching approximately seventy-five pages of exhibits to assert his claim, though the exhibits discuss a wide range of issues. The amended complaint is nearly identical to the prior complaint and has failed to cure the deficiencies identified by the Court and it is still unclear the nature of Plaintiff's medical problems. The exhibits discuss problems with his legs, his hips, his arms and his desire for a bottom bunk, but the Court is not certain of Plaintiff's claim. The complaint will be dismissed with one final opportunity to amend for Plaintiff to provide more details about his medical care. Simply attaching exhibits is insufficient, Plaintiff must describe his serious medical needs and how each Defendant was deliberately indifferent.[1]

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[A] complaint must

---

[1] There are three typed pages that set out a chronology of certain events but do not set forth specific claims. (Pet. at 61-63.) It appears Plaintiff is upset that his medical problems have not been cured, his lower bunk chrono was not renewed and he was not provided an MRI. However, as pleaded, he has not set forth a Constitutional violation by specific defendants. Simply stating that he was not provided an MRI fails to demonstrate a violation of the Eighth Amendment.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. Leer, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-04544 EJD (PR). If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

DATED: 2/13/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
04554Lopez_dwlta2.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, | Case Number CV 12-04554 EJD (PR) |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| M. E. SPEARMAN, et al., | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/14/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**David Lopez**
D-24657
Correctional Training Facility
P. O. Box 689
Soledad, CA 93960

DATED: _____2/14/2013_____
                                         Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk