IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. E. SPEARMAN, et al.,<br><br>　　　　Defendant. | No. C 12-04554 EJD (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983, against Correctional Training Facility medical officials. The original and first amended complaints were dismissed with leave to amend. Plaintiff has filed a second amended complaint ("SAC"). (Docket No. 10.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that on October 1, 2008, he suffered a "work related injury of his right side in the upper hip area" when he experienced "a sharp initial and shooting pain which seemed to stop quickly." (SAC at 3.) In July 2009, Plaintiff was assigned to an upper bunk, and after about three weeks of climbing to the top bunk, he began to experience a "throbbing and shooting 'fire' and 'ice' stye sensation[] down [his] leg to, and under, the heel of [his] foot." (Id.) Plaintiff states that from then on, his pain levels increased "drastically." (Id.) On August 5, 2009, Plaintiff submitted a request for medical attention and a request for a bottom bunk chrono. (Id. at 3-A.) He was seen by Dr. Friedrichs who ordered an x-ray. The x-ray revealed that Plaintiff had a "Mild <R> Hip DJD." (Id.) Plaintiff claims that six months passed between the time Dr. Friedrichs determined that a bottom bunk chrono was required on August 12, 2009, and when he actually requested one on February 2, 2010. (Id.)

In February 2011, Plaintiff was seen again by Dr. Friedrichs to whom he stated that the pain associated with his hip had steadily increased. (Id.) Plaintiff also told the doctor that he was continuing to experience "shooting and tingling sensations in and through [his] leg to [his] foot" and requested an MRI to "determine the cause and establish the basis for a treatment plan." (Id.) Dr. Friedrichs informed Plaintiff that he did not qualify for an MRI. The doctor requested approval for

Order of Partial Dismissal and of Service
G:\PRO-SE\SJ.EJD\CR.12\04554Lopez_svc.wpd             2

another bottom bunk chrono, prescribed Tylenol, and completed a Medical Classification Chrono diagnosing the condition as permanent. (Id.)

On March 29, 2011, Dr. Friedrichs completed a Medical Progress Report, stating that Plaintiff's x-rays did not show severe problems, only "mild degenerative changes on his right hip." (Id.; Ex. 4.) Plaintiff takes issues with the doctor's assessment that "all conditions are stable and fairly well controlled," asserting that he continued to have extreme pain and suffering. (Id. at 3-A.)

Plaintiff claims that on June 7, 2011, he spoke with Mrs. Fernandez for an appeal interview, and that she refused to hear anything about his medical condition as Dr. Friedrichs' diagnosis was that there was nothing wrong with his hip. Plaintiff continued to file requests for medical treatment to no success. (Id. at 3-B.)

On September 17, 2011, Plaintiff saw Dr. Lam, who stated that there was something wrong with Plaintiff's leg and hip. Dr. Lam ordered an x-ray, blood test, and new pain medication. (Id.) On October 16, 2011, Dr. Lam informed Plaintiff that Dr. Friedrichs had "made a mistake inmost all areas associated with [Plaintiff's] conditions and complaints [*sic*]." (Id.) Dr. Lam stated that Plaintiff should never have lost the bottom bunk chrono, and that "the type and amount of medication the circumstances called for was inappropriate." (Id.) Although Dr. Lam transcribed new orders and made an appointment for Plaintiff "to be reduced" in 30 days, Plaintiff had not been "reduced" as of the date of the filing of the original complaint, nor has he received treatment for his condition or prescribed any pain medicine. (Id.)

Liberally construed, Plaintiff states cognizable claims against Defendants Dr. Friedrichs and Nurse M. Fernandez, for deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff's claims against remaining defendants are insufficient to state a claim. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983

1    if the plaintiff can show that the defendant proximately caused the deprivation of a
2    federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988);
3    Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives
4    another of a constitutional right within the meaning of section 1983 if he does an
5    affirmative act, participates in another's affirmative act or omits to perform an act
6    which he is legally required to do, that causes the deprivation of which the plaintiff
7    complains. See Leer, 844 F.2d at 633. The inquiry into causation must be
8    individualized and focus on the duties and responsibilities of each individual
9    defendant whose acts or omissions are alleged to have caused a constitutional
10   deprivation. See Leer, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth
11   specific facts as to each individual defendant's" actions which violated his rights.
12   Leer, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not
13   simply conclusions, that show that an individual was personally involved in the
14   deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.
15   1998). Plaintiff's general allegations that Defendants M.E. Spearman, J. Clark, M.
16   Sepulvida, and G. Ellis acted with deliberate indifference are not supported by
17   specific facts as to each individual's actions which violated his rights. Plaintiff does
18   not mention any of these defendants by name in his statement of facts or show how
19   each personally was involved in the alleged deprivation. Plaintiff was given two
20   opportunities to correct this deficiency. Accordingly, the claims against these
21   defendants are DISMISSED.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 10), all attachments thereto, and a copy of this order upon **Defendants Dr. T, Friedrichs and Nurse M.**

Order of Partial Dismissal and of Service
G:\PRO-SE\SJ.EJD\CR.12\04554Lopez_svc.wpd          4

**Fernandez** at the **Correctional Training Facility - Soledad** (P.O. Box 689, Soledad, CA 93960)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate all other defendants from this action as Plaintiff has failed to state cognizable claims against them in the second amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion

pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

      b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

      a.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

Order of Partial Dismissal and of Service
G:\PRO-SE\SJ.EJD\CR.12\04554Lopez_svc.wpd       6

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 4/26/2013

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
G:\PRO-SE\SJ.EJD\CR.12\04554Lopez_svc.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOPEZ,

        Plaintiff,

  v.

M. E. SPEARMAN, et al.,

        Defendants.

Case Number: CV12-04554 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   4/29/2013  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Lopez D-24657
Correctional Training Facility
P. O. Box 689
Soledad, CA 93960

Dated:   4/29/2013

        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk